IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIGUEL PACHECO,<br><br>   Plaintiff,<br><br>v.<br><br>UNIVERSAL JOINT HOLDINGS, LLC.,<br><br>   Defendant. | Civil Action No. |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Miguel Pacheco ("Plaintiff" or "Pacheco"), by and through undersigned counsel, and files this Complaint against Defendant Universal Joint Holdings, LLC. ("Defendant" or "UJH") for failure to pay overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C § 201 *et seq.* ("FLSA")*,* showing the Court the following:

### I.   NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks liquidated damages and attorney's fees for UJH's failure to pay federally mandated overtime wages to Plaintiff in violation of the "FLSA".

## II.     JURISDICTION AND VENUE

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

UJH is a Georgia for profit corporation.

5.

UJH does business in and is engaged in commerce in the State of Georgia.

6.

The events and omissions that gave rise to Plaintiff's claims occurred in this district.

7.

Venue is proper in this district pursuant to 29 U.S.C. § 1391(b)

8.

Plaintiff is a resident of the State of Georgia.

9.

Defendant employed the Plaintiff.

10.

During Plaintiff's employment with UJH, he worked in excess of 40 hours in a single workweek.

11.

UJH did not compensate Plaintiff at the rate of one and one half of his hourly rate for every hour that Plaintiff worked in excess of 40 in a single workweek.

12.

Plaintiff's employment with UJH required that the Plaintiff perform labor for UJH that is classified as "non-exempt" under the FLSA.

13.

UJH engaged in activities that affected interstate commerce.

14.

UJH's gross revenues exceeded $500,000 in 2020 or 2019.

15.

UJH is subject to FLSA.

16.

UJH was Plaintiff's employer until on or about January 30, 2020.

17.

UJH may be served with process through its Registered Agent, Universal Joint Holdings, LLC, attention: Marc J. Brennan, at 409 Mead Road, Unit 1, Decatur, Georgia 30030.

18.

UJH hired Plaintiff as a cook on or about March 8, 2006.

19.

Plaintiff's primary duties involved cooking in the restaurant's kitchen.

20.

Plaintiff's hours working with UJH varied from week to week.

21.

Plaintiff worked for UJH between 45-80 hours each week.

22.

UJH initially paid Plaintiff $8.00 per hour.

23.

UJH initially paid Plaintiff for a maximum of 40 hours per week without compensating him for the hours that the Plaintiff worked in excess of 40 hours in a week.

24.

In or around June 2019, Plaintiff sustained an injury while working for UJH that rendered him temporarily unable to work.

25.

In or around October 2019, Plaintiff returned to his employment with UJH.

26.

On or about January 30, 2020, Plaintiff sustained another workplace injury that rendered him temporarily unable to work.

27.

Despite attempts to contact UJH, Plaintiff has not received any communication from UJH regarding his employment status since Plaintiff sustain the workplace injury on January 30, 2020.

<u>COUNT I</u>
<u>FAILURE TO PAY OVERTIME</u>
<u>WAGES IN VIOLATION OF THE FLSA</u>

28.

Plaintiff repeats and re-alleges paragraphs 1-27 as if each were fully set forth herein.

29.

During the week of November 11, 2019, the Plaintiff worked 85.82 hours for the Defendant.

30.

During the week of November 25, 2019, the Plaintiff worked 91.85 for the Defendant.

31.

During the week of December 23, 2020, the Plaintiff worked 51.85 hours for the Defendant.

33.

UJH failed to pay Plaintiff for the 68.45 hours Plaintiff worked over 40 hours during the week of December 23, 2020.

32.

During the week of December 23, 2020, the Plaintiff worked 108.45 hours for the Defendant.

33.

UJH failed to pay Plaintiff for the 68.45 hours Plaintiff worked over 40 hours during the week of December 23, 2020.

34.

The FLSA requires employers to pay employees one and one-half times the employees regular rate of pay for all hours worked more than 40 hours in a workweek.

35.

UJH suffered and permitted Plaintiff to routinely work more than 40 hours per week without overtime compensation.

36.

UJH's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

37.

UJH knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

38.

UJH failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

39.

Plaintiff was subject to the same unlawful policies of Defendant UJH, i.e. Defendant's failure to pay Plaintiff for his hours worked over 40 in workweeks.

40.

Defendant UJH's violations of the FLSA were willful and in bad faith.

41.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## COUNT II
## ATTORNEYS' FEES AND EXPENSES
## OF LITIGATION, O.C.G.A. § 13-6-11

44.

Plaintiff repeats and re-alleges paragraphs 1-27 as if each were fully set forth herein.

45.

Defendant acted in bad faith, been stubbornly litigious, and/or caused Mr. Pacheco unnecessary trouble and expense in litigating this case, and Mr. Pacheco is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and award Plaintiff an unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that the rights of Plaintiff have been violated and that Defendant willfully violated the FLSA;

(D)   General damages for mental and emotional suffering caused by Defendant's misconduct;

(E)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(F)   Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(G)   Reasonable attorney's fees and expenses of litigation;

(H) Declaratory relief to the effect that Defendant UJH has violated Plaintiff's statutory rights;

(I) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant UJH, from further unlawful conduct of the type described herein; and

(J) All other relief to which he may be entitled.

Respectfully submitted this 30th day of June, 2021.

                                        **MORGAN & MORGAN, P.A.**

                                        ***/s/ Anthony Dawkins***
                                        Anthony Dawkins, J.D.
                                        GA Bar No.: 157904
                                        *Attorney for Plaintiff*

191 Peachtree St. NE, Suite 4200
P.O. Box 57007
Atlanta, Georgia 3034
Phone: (404) 496-7265
Fax:     (404) 720-3839
adawkins@forthepeople.com