# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIGUEL PACHECO,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSAL JOINT HOLDINGS, LLC,<br><br>    Defendant. | Civil Action No.<br>1:21-cv-02634-TWT |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff Miguel Pacheco ("Plaintiff"), and Defendant Ethyl Alcohol Unlimited, Inc. d/b/a Universal Joint, which has been improperly named as Universal Joint Holdings, LLC (the "Restaurant" or "Defendant") file this Joint Motion for Approval of Settlement. As stated herein, the Parties request that the Court approve their settlement of Plaintiff's FLSA overtime claim and dismiss this action with prejudice. In support of the foregoing request, the Parties show the Court the following:

### I.    INTRODUCTION

Plaintiff filed the above-captioned action under the Fair Labor Standards Act ("FLSA") against Defendant seeking unpaid overtime compensation. Counsel for

1

the Parties have engaged in good faith settlement discussions based on their respective views of the legal claims, defenses, and potential damages calculations. Ultimately, the Parties reached an agreement as to the material terms of the settlement, which has been memorialized in the FLSA Settlement Agreement attached hereto as **Exhibit A**. The Parties' settlement includes, among other provisions, payment of compensation to Plaintiff for a significant portion of the unpaid overtime hours Plaintiff claims to have worked. The Parties' settlement also provides for a reasonable attorneys' fee to Plaintiff's counsel, which the Parties' negotiated separately and only after reaching an agreement as to Plaintiff's compensation under the settlement. As set forth above, the Parties' proposed settlement is the product of serious, informed, arms-length negotiations in which all Parties were represented by competent, experienced counsel. Accordingly, the proposed settlement between the Parties is a fair and reasonable resolution considering all the contested issues in the case and should be approved by this Court.

## II.     BACKGROUND

On June 30, 2021, Plaintiff filed the instant action against Defendant, asserting one claim for unpaid overtime under the FLSA. (*See* D.E. 1.) Specifically, Plaintiff alleges that Defendant misclassified him as an exempt employee and failed to compensate him for any hours worked in excess of 40 per workweek. (*Id*. ¶¶ 10-

12, 21-23, 29-35.)  Plaintiff alleges that Defendant was required to compensate him at one-and-a-half times his regular rate of pay for all hours worked in excess of 40 pursuant to the FLSA.  Defendant denies liability based on, among other things, that the Restaurant's classification decision was compliant with the FLSA, consistent with the DOL's guidance, and in good faith.

During the eight-month period preceding the filing of the Complaint, the Parties (via their counsel) exchanged information and engaged in detailed and thorough discussions regarding the merits of Plaintiff's claim against Defendant. After analyzing Plaintiff's claims, time worked, and pay information, the Parties agreed that Plaintiff's maximum recovery of compensatory damages, if he was successful in this action, amount to no more than $1,486 (approximately 120 hours over 48 workweeks at the half-time rate of $12.38), which is based on Plaintiff's regular rate of pay of $24.75 per hour during the period of August 1, 2018 through July 1, 2019.

The Parties also discussed their relative risks in proceeding with a litigation and the cost and expense of litigation with such a small amount in controversy.  For example, the Parties discussed the significant risk to Plaintiff that Defendant would be successful in proving that Plaintiff was exempt from the overtime provisions of the FLSA under the executive, administrative, or combination exemptions.

3

Specifically, as the Restaurant's kitchen manager, Defendant contends that Plaintiff had sole responsibility for hiring and firing kitchen employees, managing 3-4 full-time kitchen staff, ordering food, preparing food budgets, and designing and preparing daily and weekly menus for the Restaurant. Plaintiff was paid an annual salary of approximately $55,000. Defendant therefore contends that it properly classified Plaintiff as exempt under the executive, administrative, or combination exemptions and he is not entitled to overtime wages. In summary, Defendant paid Plaintiff a salary in excess of $455 per week, and contends that (1) his most important duty was to manage the Restaurant's back-of-the-house kitchen operations (a customarily recognized department), (2) he customarily and regularly directed the work of more than two full-time employees, and (3) he had the sole authority to hire and fire kitchen employees. Further, Defendant contends that Plaintiff's primary duty involved the performance on non-manual work directly related to management of the Restaurant's business operations, over which he exercised discretion and independent judgment over matters of significance (*e.g.*, hiring, firing, budgeting, food orders, and menu development). Under these facts, Defendant believes that its classification decision was compliant with the FLSA and consistent with the DOL's guidance. *See, e.g.*, 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.100(a), 29 C.F.R. § 541.200(a); *Jackson v. Advance Auto Parts, Inc.*, 362 F. Supp.2d 1323 (N.D. Ga.

2005) (granting summary judgment on FLSA overtime claim brought by assistant managers based on the executive exemption); *Adams v. BSI Management Systems America, Inc.*, 523 F. App'x 658 (11th Cir. 2013) (affirming summary judgment on FLSA overtime claim brought by former supply chain security program manager based on the administrative exemption).

Ultimately—and only after serious, informed, and arm's-length negotiations—the Parties arrived at the proposed settlement represented in the Settlement Agreement. (*See* Ex. A.)  Pursuant to the Settlement Agreement, Defendant will pay the total amount of $3,000 to resolve Plaintiff's FLSA claim, of which $1,500 would be paid directly to Plaintiff and $1,500 would be paid to Plaintiff's counsel. (*Id.*) The Parties believe this payment appropriately reflects the risks they face in litigating the FLSA Claim and represents a fair and reasonable compromise of Plaintiff's disputed overtime claim without any admission of liability. Accordingly, the Parties now move the Court for approval of the Settlement Agreement.

### III.   ARGUMENT AND CITATION OF AUTHORITY

**A. The Legal Standard for Approving FLSA Settlements.**

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in either of two ways: First, an employee

may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present a proposed settlement to a district court which approves the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353. In discussing the approval of FLSA settlements, the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In evaluating the Parties' settlement, "[t]he Court should be mindful of the strong presumption in favor of finding a settlement is fair." *Ford v. Property Preservation Experts, Inc.*, 2012 U.S. Dist. Lexis 107194 at *3 (M.D. Fla. July 31,

2012) (citing *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977)).[1] An FLSA settlement may be approved as fair even where a plaintiff receives in settlement substantially less than the amount he originally claimed. *Rutland v. Visiting Nurse Assoc. of Central Fla., Inc.,* No. 6:07-cv-1130-Orl-19-19DAB, 2008 WL 3833254, at *2 (M.D. Fla. Aug. 13, 2008) (approving settlement of approximately 6% of plaintiff's claimed overtime wages).

As shown below, the settlement is fair given Defendant's defenses on the merits, the limited number of purported overtime hours at issue, and the various litigation risks for Plaintiff, including the risks of an unfavorable outcome under the executive, administrative, or combination exemptions. Plaintiff actively participated in negotiations, and knowingly accepts the consideration in return for his release of claims set forth in the Settlement Agreement.

### B. Parties Settlement Resolves a Bona Fide Dispute Between Them and is Fair and Reasonable.

The "Settlement Amount" of $3,000, as defined in the FLSA Settlement Agreement, is inclusive of all settlement payments to Plaintiff ($1,500) and Plaintiff's counsel ($1,500) for resolution of Plaintiff's overtime claim against

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

Defendant. As shown below, the Parties' settlement is fair and reasonable and should be approved.

First, there is a bona fide dispute between the Parties. The dispute concerns whether Plaintiff is exempt from the overtime requirement of the FLSA pursuant to the executive, administrative, or combination exemptions. *See* 29 U.S.C. § 213(a)(1). Defendant contends that Plaintiff, who alleges in his Complaint that he was misclassified as an exempt employee, is subject to the stated exemption(s) and not entitled to overtime wages. Plaintiff alleges that the executive, administrative, and/or combination exemptions do not apply to him and that he is entitled to overtime wages. Accordingly, Plaintiff's Complaint and Defendant's anticipated defenses raise fact-dependent issues under the FLSA that are subject to dispute in this action. As such, a "bona fide dispute" between the parties exists. *See Lynn's Food Stores*, 679 F.2d at 1354-55.

Second, the settlement agreement is fair and reasonable to Plaintiff. The Parties have independently assessed Plaintiff's claimed damages and agreed that the maximum amount of unpaid overtime wages Plaintiff could recover in this action is approximately $1,486. Under the Parties' settlement, Plaintiff is receiving the full amount, which is a fair and reasonable compromise of Plaintiff's claim for unpaid overtime compensation in this action, especially given the significant risk Plaintiff

faces under the executive, administrative, or combination exemptions. In exchange, Plaintiff is releasing only those wage and hour claims that were or could have been asserted in the litigation. *See, e.g., Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015) (finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked).

Third, Defendant has agreed to pay Plaintiff's counsel the total amount of $1,500, which was negotiated separately from the amount to be paid to Plaintiff and negotiated only after the Parties reached an agreement as to Plaintiff's settlement amount. The award of attorneys' fees and costs to Plaintiff's counsel do not reduce, diminish, or otherwise compromise the back-wages settlement payment to Plaintiff and Plaintiff's counsel seeks nothing further from Plaintiff. Under these circumstances, the payment to Plaintiff's counsel is reasonable. *Jun Soo Lee v. Guyoungtech USA, Inc.*, 247 F. Supp. 3d 1257, 1267-68 (S.D. Ala. 2017) ("Generally, as part of the review, the Court may consider whether the attorney's fees were negotiated separately and apart from the Plaintiff's settlement of the FLSA claims.") (citations omitted); *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (similar); *McGee v. Prof. Gate & Access, LLC*, No. 6:11-cv-740-Orl-28DAB, 2012 WL 13136953, at *2 (M.D. Fla. Feb. 8, 2012) ("As

long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it further."). Thus, there is no need to further scrutinize amount allocated for attorneys' fees and costs given that they were negotiated separately and apart from the compensation paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, Plaintiff's request for attorneys' fees and costs should be approved.

## IV. <u>CONCLUSION</u>

The Settlement is reasonable and fair in all respects, particularly considering that Plaintiff's FLSA claim is vigorously contested and faces significant obstacles to success. Accordingly, the Parties respectfully request the Court approve the settlement and dismiss this action with prejudice.

Respectfully submitted, this 4th day of August, 2021.

| **Morgan & Morgan** | **Kabat Chapman & Ozmer, LLP** |
|---|---|
| <u>/s/ F. Anthony Dawkins</u><br>F. Anthony Dawkins<br>Georgia Bar No. 157904<br>191 Peachtree Street, NE<br>Suite 4200<br>Atlanta, GA 30303<br>Telephone: (404) 965-8811<br>Facsimile: (404) 720-3839<br>E-mail: adawkins@forethepeople.com<br>*Counsel for Plaintiff* | <u>s/ Nathan D. Chapman</u><br>Nathan D. Chapman<br>Georgia Bar No. 244954<br>171 17th Street, NW, Suite 1550<br>Atlanta, GA 30363<br>(404) 400-7300 (telephone)<br>(404) 400-7333 (facsimile)<br>E-mail: nchapman@kcozlaw.com<br>*Counsel for Defendant* |

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

Dated: August 4, 2021.

KABAT CHAPMAN & OZMER LLP

*/s/ Nathan D. Chapman*
Nathan D. Chapman

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on August 4, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        KABAT CHAPMAN & OZMER LLP

        */s/ Nathan D. Chapman*
        Nathan D. Chapman